

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2009

# USA v. Aaron Camacho-Villarreal

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4718

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Aaron Camacho-Villarreal" (2009). *2009 Decisions.* Paper 449.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/449

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4718

_____

UNITED STATES OF AMERICA

v.

AARON CAMACHO-VILLARREAL,
a/k/a Aaron, a/k/a Feleipe Alberto Villaverde
Aaron Camacho- Villarreal, Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 3-05-cr-00299-1)
District Judge: Honorable William J. Nealon

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2009
Before:  RENDELL, AMBRO, and WEIS, Circuit Judges

(Filed: October 14, 2009)
_____

OPINION

_____

WEIS, Circuit Judge.

Defendant Aaron Camacho-Villarreal, a Mexican national who had been

ordered removed from the United States following each of his three prior drug

1

convictions, was arrested for selling crack cocaine in April 2005, and a grand jury returned a six-count indictment against him. He pleaded guilty to Count I, charging conspiracy to distribute more than 50 grams of cocaine base (crack) and one kilogram of cocaine, in violation of 21 U.S.C. § 846. He also pleaded guilty to Count VI, asserting illegal re-entry of an aggravated felon, a violation of 8. U.S.C. § 1326(b)(2).

On January 4, 2006, the District Court sentenced defendant to 188 months' imprisonment. Although the Presentence Investigation Report calculated a base offense level of 32 for the crack cocaine count pursuant to § 2D1.1 of the Sentencing Guidelines, the defendant's sentence was determined instead by his status under the Guidelines as a "career offender." See U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").

In October 2008, defendant moved for modification of his sentence pursuant to the Sentencing Reform Act, 18 U.S.C. § 3582(c)(2), and Amendments 706 and 713 to the Guidelines, which retroactively reduced the base offense levels for certain crack cocaine crimes listed at § 2D1.1. See U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007); id. App. C, Amend. 713 (Supp. March 3, 2008) (declaring that Amendment 706 would operate retroactively). The District Court denied the motion, noting that, because defendant had been sentenced as a career offender, § 2D1.1 played no role in calculating his sentence. In addition, the Court held Amendment 706 would not have the effect of

2

lowering the defendant's sentencing range such that 18 U.S.C. § 3582(c)(2) would apply.

The facts of this case, and the arguments advanced by defendant, are virtually identical to those in United States v. Mateo, 560 F.3d 152 (3d Cir. 2009). In essence, defendant argues that, because the District Court examined both the crack cocaine and the career offender Guideline ranges in determining that the latter should apply, his sentence was necessarily "based on" the former. We have rejected this reasoning, see Mateo, 560 F.3d at 155, and hold that the District Court was correct in declining to adopt the defendant's proposed interpretation of § 3582(c).

Defendant further contends that the District Court erred in refusing to reduce his sentence pursuant to United States v. Booker, 543 U.S. 220 (2005). The District Court's ruling was correct. As we confirmed in Mateo, "this Court has rejected the argument that Booker provides a basis for reduction of sentence not otherwise allowable under § 3582(c)." 560 F.3d at 155.

As we find no merit in the defendant's remaining arguments, the Order of the District Court will be affirmed.